(158 App. Div. 373.)

## CURTIS v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department. September 10, 1913.)

1. RAILROADS (§ 348*)—INJURIES TO PERSONS ON TRACK—ACTIONS—EVIDENCE —SUFFICIENCY.

In an action for the death of one killed at a railroad crossing, evidence *held* sufficient to sustain a finding that deceased was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

2. EVIDENCE (§ 147*)—NEGATIVE EVIDENCE.

In an action for the death of a traveler killed on a railroad track, evidence of witnesses that they did not hear the whistle of the approaching car, though weak, is competent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 435–437; Dec. Dig. § 147.*]

3. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

In an action for the death of a traveler killed on a railroad track, the admission of evidence that witnesses did not hear the whistle of the approaching car is harmless, if the evidence be too weak to be competent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 1052*)—PERSONS ENTITLED TO ALLEGE ERROR.

Error in allowing plaintiff to give incompetent evidence on direct examination as to the earnings of deceased was cured, where the same evidence was brought out on cross-examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

5. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action for the death of a traveler, who was killed while driving his automobile across railroad tracks, the refusal of an instruction based on the hypothesis that the automobile had been stopped within 10 feet of the crossing, and was started when the car was only 30 or 40 feet away, was proper, where it was contrary to the physical facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Mary L. N. Curtis, sole executrix of the last will and testament of Pierson C. Curtis, deceased, against the Hudson Valley Rail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

road Company. From a judgment for plaintiff, defendant appeals. Affirmed.   ·

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lewis E. Carr, of Albany, for appellant.
John B. Holmes, of Troy, for respondent.

SMITH, P. J. [1] This case was before us upon an appeal from a former judgment. That judgment was reversed upon what we deemed to be an erroneous admission of evidence. It is found reported in 147 App. Div. 349, 131 N. Y. Supp. 758. Plaintiff's intestate was driving an automobile across the defendant's track. He was struck by the defendant's car and killed. The case was submitted to the jury upon the negligence of the defendant in failing to give warning of the approach of the car and upon the contributory negligence of plaintiff's intestate. Upon these two questions the evidence does not materially differ from that upon the former trial. That there was a question of fact for the jury upon both of these issues would seem undeniable. Upon the question of defendant's negligence it can hardly be urged that the verdict is against the weight of evidence. Upon the question of the absence of contributory negligence of the plaintiff's intestate, with some hesitation I am inclined to think that the verdict should be sustained. Two juries have so found. Just before reaching the crossing the plaintiff's intestate was informed by his wife that the car from the south had already passed, as was the fact with the regular car due at that time. The car which struck the automobile was an extra car. With this information he was naturally put on his guard rather as against a car from the north. The car from the south which struck the automobile could be seen less than 200 feet from a point 14 feet from the crossing. At this point the plaintiff's intestate slowed down, and according to some evidence stopped. That 200 feet in which the car could be seen from this point would have been passed almost in an instant by the car going from 30 to 40 miles an hour, as was shown to have been the speed of this car. With the attention of the deceased diverted by being told that the regular car from the south had already passed, and with a very short distance at which a car could have been seen approaching even from a point near the crossing, we think the evidence presented as to the care which deceased apparently exercised was sufficient to justify the verdict of the jury. This case is clearly differentiated from those cases where a car could be seen approaching at a sufficient distance so that the traveler upon the highway would be warned in time of the danger of crossing.

[2-4] The evidence of witnesses that they did not hear the whistle of the approaching car was competent, though weak evidence. If too weak to be competent, it was too weak to be harmful. The evidence of plaintiff on direct examination as to the earnings of deceased was of doubtful competency, as not the best evidence; but on cross-examination the defendant brought out the same result, irrespective of the books upon which the evidence upon direct examination was apparently based. We have examined the record as to other errors

claimed to have been committed on the trial, but find none which should invalidate the judgment appealed from.

[5] The refusal of the trial court to charge the sixteenth request to charge, which is made the basis of a dissent herein by my Brother KELLOGG, while perhaps not sufficiently answered by the charge as made, was fully justified in view of the physical impossibility of the coexistence of the facts alleged in the request to charge and the happening of the accident. If the automobile were at a standstill 10 feet from the track, and the car was coming at 40, 30, or 20 miles an hour, not 30 feet from the crossing, that automobile never could have gotten onto the track, so as to have been hit by that car. Moreover, with the highway crossing the trolley road at an angle, the car would have been squarely in front of the deceased, and if within 30 feet would have been right upon him. Any finding that a man with any intelligence, with his automobile at rest, would have proceeded upon that track with the trolley car right upon him, would be so far against reason as to be without the bounds of credibility. If the automobile could have reached the track ahead of the trolley car, which is physically impossible, it would have resulted in certain death, which there is no evidence that the deceased was courting. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except

JOHN M. KELLOGG, J. (dissenting). Some of the evidence indicates that the motor car was practically at a standstill about 10 feet from the crossing, when the trolley car was about 30 feet from the crossing, and that the decedent drove upon the track without looking for the car, which could have been seen, if he had looked.

The court was requested to charge that if the defendant started his car under such circumstances, and when he could have seen the approaching car, if he had looked, it was negligence, preventing a recovery. The court declined, and the appellant excepted. If such were the facts, clearly the plaintiff was not entitled to recover.

It is sought to excuse the refusal to charge upon the ground that the request implied that the motorman, Mrs. Willis, and Mr. Thomas had sworn to that condition. Their evidence clearly indicated it, although perhaps each of them did not make the exact statement; but the request was not refused upon the ground that it embraced erroneous inferences as to what particular witnesses had sworn to, as the court charged in lieu of it, in substance, that if a man of ordinary prudence would have looked under such circumstances, and it would have been apparent to him that he could stop his car, then there was negligence in not stopping it.

It is very doubtful upon the facts whether the plaintiff should recover. The jury might well have understood, from the refusal to charge and from the charge, as made in lieu of it, that a man 10 feet from the track could start his car from practically a standstill upon the track, with a trolley car approaching 30 feet distant, which could have been seen if he had looked, and might still recover, notwithstanding his failure to look.